**In the Matter of Carolyn W. RADER, Respondent.**

**No. 49S00–0807–DI–406.**

Supreme Court of Indiana.

March 13, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent represented a client in a post-conviction relief proceeding. At a hearing on March 16, 2005, DNA evidence was introduced in support of the client's assertion that he was entitled to a new trial on the charge of rape for which he was incarcerated. After the hearing, the client and his family repeatedly tried to contact Respondent about expediting a ruling, but Respondent failed to communicate with the client or his family. Respondent, did, however, send two email inquiries to the magistrate who conducted the hearing. The client's petition was finally granted on March 8, 2007, and he was released from prison the following month. It is not known whether consultation between Respondent and the client would have resulted in an earlier decision and release. Respondent has no prior discipline and has cooperated with the Commission.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.4(a)(2), which required a lawyer to consult reasonably with a client about the means by which the client's objectives are to be accomplished.

**Discipline:** The parties agree the appropriate sanction is a public reprimand. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes **a public reprimand.** The costs of this proceeding are assessed against Respondent.

DICKSON, BOEHM, and RUCKER, JJ., concur.

SULLIVAN, J., dissents and would reject the conditional agreement, believing the sanction to be insufficient.

SHEPARD, C.J., dissents with separate opinion.

SHEPARD, Chief Justice, dissenting.

Respondent represented a prisoner whom she believed was innocent of the rape for which he was incarcerated and she presented DNA evidence as evidence for her contention. After this evidence was submitted at a hearing, everyone pretty much went about tending to other business, except for the imprisoned client and his family. While the judge and magistrate who held the matter under advise-

ment for two years bear the principal responsibility, Respondent's stewardship of the client's interests was a part of the overall fault.

My colleagues say that there is no way to know whether this failure to communicate with her client Harold Buntin and his family would have hastened a ruling and shortened the time wrongly spent in prison. I would like to think that the Court is wrong about that, and that a reasonable responsiveness to the client would have led to use of the tools available for obtaining a ruling. I thus believe a short period of suspension is warranted.